**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

QUINTEZ TALLEY, PENNSYLVANIANS      :        CIVIL ACTION
WITH MENTAL ILLNESS and             :
MINORITIES OF PENNSYLVANIA          :
                                    :
    **v.**                            :
                                    :
COMMONWEALTH OF PENNSYLVANIA,       :
SUPREME COURT OF PENNSYLVANIA,      :
CITY OF PHILADELPHIA, DEFENDER'S    :
ASSOCIATION OF PHILADELPHIA,        :
COURT OF COMMON PLEAS OF            :
PHILADELPHIA, DISTRICT ATTORNEY'S   :
OFFICE OF PHILADELPHIA, DISTRICT    :
ATTORNEY SETH WILLIAMS, D.A.        :
LAWRENCE KRASNER, KENDRA            :
MCCRAE, Assistant District Attorney, :
A.D.A. ZACHARY F. MATTIONI, ROBERT  :
LISTENBEE, MRS. ELLEN T. GREENLEE,  :
PUBLIC DEFENDER JOHN KONCHAK,       :
JUDGE GENECE E. BRINKLEY,           :
SUPERIOR COURT OF PENNSYLVANIA      :
JUDGE BOWES, JUDGE STABILE,         :
JUDGE COLINS, COURT OF COMMON       :
PLEAS, FAYETTE COUNTY, FAYETTE      :
COUNTY, PENNSYLVANIA, FAYETTE       :
COUNTY'S DISTRICT ATTORNEY'S        :
OFFICE, A.D.A. SEAN LEMENTOWSKI,    :
ADA WENDY O'BRIEN, PRODEN &         :
O'BRIEN, LLC, JUDGE LINDA R.        :
CORDARO, CENTRE COUNTY              :
COURTHOUSE, CENTRE COUNTY,          :
PENNSYLVANIA, JUDGE THOMAS KING     :
KISTLER, JONATHAN D. GRINE (Judge), :
PAMELA A. RUEST, BRADLEY P.         :
LUNSFORD, J. MICHAEL WILLIAMS,      :
ALLEN SINCLAIR, STEVEN LACHMAN,     :
DISTRICT ATTORNEY'S OFFICE OF       :
CENTRE COUNTY, CENTRE COUNTY'S      :
DEFENDER ASSOCIATION, D.A. STACY    :
PARKS-MILLER, ADA LINDSEY           :
CATHERINE FOSTER, ADA DANIEL        :
MCKENRICK, CHIEF DEFENDER DAVID     :
CROWLEY, PUBLIC DEFENDER CASEY      :

M. MCCLAIN, PENNSYLVANIA DEPT. OF :
CORRECTIONS, TAMMY FERGUSON, :
LT. WILLIAM FOSTER, CAPT. GLENN :
IRWIN, THOMAS SUCCHETA, ROBERT :
HEWITT, THOMAS GERALD LYKENS, :
DAVID PATRICK LINK, MICHAEL :
WORSTELL, MICHAEL LEFEBVRE, :
BENARD KARABINOS, ROBERT :
WILLIAMSON, STEPHEN PROUDFIT, :
AMY SCHAUP, CAPT. SALVAY, CAPT. :
WILLIAM TOFT, LT. JOSHUA POSKA, :
LT. FREDRICK ST. JOHN, SGT. LOUIS :
DOBISH, C.O. CHAD HARBAUGH, C.O. :
ROGER, C.O. ANDREW HIGINBOTHAM, :
UNKNOWN ADA, PENNSYLVANIA :
STATE POLICE, TPR. ROBERT SCHMID, :
TPR. BRIAN WAKEFIELD, TPR. :
THOMAS STOCK, HARRISBURG :
REGIONAL LABORATORY, GABRIEL :
LLINAS, JEFFREY A. WAGNER, :
PUBLIC DEFENDER MATT JAYNES, :
DA RICHARD BOWER, FAYETTE :
COUNTY'S DEFENDER ASSOCIATION, :
CHIEF DEFENDER OF FAYETTE :
COUNTY'S DEFENDER ASSO. and :
FAYETTE COUNTY : NO. 22-2328

## MEMORANDUM

Savage, J.                                                 March 23, 2023

This is the latest of over fifty *pro se* lawsuits Quintez Talley, a state prisoner incarcerated at SCI-Fayette, has filed. He purports to represent himself and classes of mentally ill minority criminal defendants. He sues several Commonwealth and local governmental entities, and employees of those entities. He claims the defendants discriminated against him and similarly situated individuals with disabilities in Pennsylvania courts.[1] He moves to proceed *in forma pauperis* and to stay the case while

---

[1] Complaint ("Compl.") (ECF No. 1).

2

the United States Court of Appeals for the Third Circuit, in another case, is considering whether he has accrued three strikes under 28 U.S.C. § 1915(g).[2]

After screening the Complaint under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), we shall dismiss the Complaint in its entirety as frivolous and for failure to state a claim.

### Factual Allegations[3]

Talley is a well-known litigant with a "propensity for using fire to carry out suicide attempts" during his incarceration.  *Talley v. Moore*, No. 21-0298, 2021 WL 1873158, at *1 (W.D. Pa. Mar. 18, 2021), *report and recommendation adopted*, No. 21-298, 2021 WL 1588824 (W.D. Pa. Apr. 23, 2021) (internal quotations omitted); *Talley v. Clark*, 851 F. App'x 306, 306 (3d Cir. 2021) ("A Pennsylvania prisoner, Talley has longstanding mental health problems. He tends to harm himself, often with fire, and he has tried to commit suicide by burning his mattress.").   He has been repeatedly convicted of arson and other crimes committed while incarcerated.

In this action, he alleges that in various state criminal proceedings in Philadelphia, Centre, and Fayette Counties, he was prevented from raising an insanity and/or mental infirmity defense in violation of his constitutional rights, Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO").[4]   He alleges that in each case, his court-appointed

---

[2] Motion to Stay (ECF No. 4); Application to Proceed In District Court Without Prepaying Fees or Costs (ECF No. 5).

[3] The following allegations are taken from the Complaint and public records of which we take judicial notice.   *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[4] In addition to his own claims and despite his *pro se* status, Talley attempts to raise class action claims on behalf of "Pennsylvanians with Mental Illness" ("PMIs") and "Minorities of Pennsylvania" to "redress a statewide system of slavery and involuntary solitude founded upon the Supreme Court of

counsel, for lack of funding, refused to raise a mental insanity or infirmity defense, forcing him to represent himself.[5]   He appears to claim that although he filed notices of an insanity or mental infirmity defense in accordance with Pennsylvania Rule of Criminal Procedure 568,[6] the judges would not permit him to present the defense that he could not be held criminally liable because his conduct was the result of a suicide attempt.[7]

Talley focuses on a criminal case in the Philadelphia Court of Common Pleas that led to his 2012 conviction for arson, risking a catastrophe, institutional vandalism, recklessly endangering another person, and failing to prevent a catastrophe.[8]   He alleges that at his June 2012 criminal trial, "the Commonwealth, by and through the City of Philadelphia, armed with the benefit of a favorable ruling from Judge Mazzola, of the Philadelphia Court of Common Pleas," precluded him from presenting evidence of "his mental infirmity and/or insanity defense to the jury" and maliciously prosecuted him for conduct that was a product of his "mental infirmity, i.e., a suicide attempt."[9]   Talley claims he was prevented from testifying in support of his disability or presenting any other

_____

Pennsylvania's ongoing refusal to make reasonable modifications to Pa's Rules of Criminal Procedure" thereby allegedly allowing "common place" incarceration of PMIs.  (Compl. ¶ 1; *id.* ¶ 22 (describing the class as "persons whom could find themselves discriminated against on account of conduct that is not an intentional violation of Pa's Crimes Code, but a symptom of their disability, i.e., mental infirmity, when precluded from offering the defense of insanity or mental infirmity to the jury during a criminal proceeding in one of the Commonwealth's courts of common pleas; ultimately, being denied the benefit of the Commonwealth's courts in its administration of justice.").)

[5] *Id.* ¶¶ 7, 48-50, 54-58.

[6] Pennsylvania Criminal Rule of Civil Procedure 568(A)(1) requires a defendant who intends to raise insanity or mental infirmity as a defense to file a notice to that effect with the court and to serve the attorney for the Commonwealth with that notice.  Rule 568(B)(1) states that if a defendant fails to file and serve such a notice, "the court may exclude entirely any evidence offered by the defendant, . . . except testimony by the defendant, may grant a continuance to enable the Commonwealth to investigate such evidence, or may make any other order as the interests of justice require."

[7] Compl. ¶ 10.

[8] *Commonwealth v. Talley*, CP-51-CR-0003711-2009 (C.P. Phila.).

[9] Compl. ¶ 5; *see also id.* ¶¶ 40-42.

4

evidence of the defense even though he had filed the notice required by Pennsylvania Rule of Criminal Procedure 568.[10]   He was convicted and sentenced to several terms of imprisonment.[11]

On May 7, 2015, the Pennsylvania Superior Court vacated his conviction for failure to prevent a catastrophe and affirmed the remaining convictions.[12]   His counselled post-conviction petition alleging ineffective assistance of trial counsel was denied because he had represented himself at trial and was found competent.   His appeals of that denial were unsuccessful.[13]

According to the Complaint, Talley was convicted in five subsequent criminal proceedings, four in Centre County and one in Fayette County.[14]   In two consolidated criminal cases in Centre County, Talley was found guilty of two counts of aggravated harassment by a prisoner stemming from his throwing urine at correctional officers.[15]   On July 2, 2015, he was sentenced to a term of imprisonment.   His sentence was affirmed on appeal and his post-conviction petition was denied.[16]   In the two other criminal proceedings in Centre County, he was charged with multiple counts of arson, risking a catastrophe, recklessly endangering another person, and institutional vandalism arising

---

[10] *Id.* ¶¶ 42-45.

[11] *Id.* ¶¶ 59-60.   *See also Commonwealth v. Talley*, CP-51-CR-0003711-2009 (C.P. Phila.).

[12] Compl. ¶ 61.   *See also Commonwealth v. Talley*, No. 28 EDA 2014, 2015 WL 7187957, at *2 (Pa. Super. Ct. May 7, 2015).

[13] Compl. ¶¶ 62-75. *See also Commonwealth v. Talley*, 240 A.3d 996 (Pa. Super. Ct. 2020), *appeal denied,* 251 A.3d 403 (Pa. 2021).

[14] *See* Compl. ¶¶ 6, 57.

[15] *Commonwealth v. Talley*, No. 1917 MDA 2015, 2016 WL 6439895, at *1 (Pa. Super. Ct. Oct. 31, 2016).

[16] *Id.*; *Commonwealth v. Talley*, Nos. CP-14-CR-0001720-2014 & CP-14-CR-0001721-2014 (C.P. Centre).

out of his setting two fires in March of 2014 after disagreements with correctional officers.[17]   He was sentenced to consecutive terms of imprisonment.   His appeal was denied, and his post-conviction petition was unsuccessful.[18]

In 2019, Talley was charged and convicted in Fayette County of arson and related offenses.   On August 6, 2021, he was sentenced.[19]   His appeal was dismissed.[20]

Talley asserts the following claims based on his contention that he was denied the ability to present an insanity or mental infirmity defense in his criminal cases:   (1) ADA and RA claims against every defendant not previously named in a prior lawsuit; (2) RICO claims against all of the defendants; (3) Fourth, Eighth, Thirteenth and Fourteenth Amendment claims against every defendant not previously named in a prior lawsuit; and (4) malicious prosecution claims under state law "as to his failure to prevent a catastrophe charge; that was overturned for the Superior Court" against the City of Philadelphia, McCrae and Seth Williams.[21]   Talley seeks damages and unspecified declaratory and injunctive relief.[22]

Talley made the same claims in two prior federal class actions that he makes in this case arising out of these criminal proceedings -- one in the Middle District of Pennsylvania and the other in the Western District of Pennsylvania.[23]   Both cases were

---

[17] *Commonwealth v. Talley*, Nos. CP-14-CR-0000873-2014 & CP-14-CR-0000886-2014 (C.P. Centre); *see also Commonwealth v. Talley*, No. 870 MDA 2017, 2018 WL 1959779, at *1 (Pa. Super. Ct. Apr. 26, 2018).

[18] *Commonwealth v. Talley*, No. 2018 WL 1959779, at *4.

[19] Compl. ¶ 21; *Commonwealth v. Talley*, CP-26-CR-0002752-2019 (C.P. Fayette).

[20] *See Commonwealth v. Talley*, 1105 WDA 2021 (Pa. Super. Ct.).

[21] Compl. ¶¶ 80-83.

[22] *Id.* ¶ 84.

[23] Like the Complaint in the instant case, Talley styled his prior complaints as class actions.   *Talley v. Commonwealth of Pa.*, Civ. A. No. 21-1208 (W.D. Pa.); *Talley v. Supreme Ct. of Pa.*, Civ. A. No. 17-1632

dismissed.[24]   Certain of Talley's RICO claims in the Middle District case were dismissed

without prejudice,[25] and he did not raise RICO claims in his Western District case.   In his

instant Complaint, Talley "incorporate[s] by reference any and ALL facts" set forth in his

prior cases and "ONLY repleads RICO act claims against the Defendants [named in his

prior cases]."[26]

### Standard of Review

When a prisoner files a complaint and a motion to proceed *in forma pauperis*, a

court may screen the complaint prior to addressing the prisoner's *in forma pauperis*

motion.   *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[W]e hold that a

court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless

of the status of a filing fee; that is, a court has the discretion to consider the merits of a

case and evaluate an IFP application in either order or even simultaneously.")   Here, in

the interest of preserving judicial resources, we shall screen Talley's Complaint under 28

U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) before addressing his

Motion to Proceed *In Forma Pauperis*.[27]

---

(M.D. Pa.).

[24] *Talley v. Pennsylvania*, No. 21-1208, 2022 WL 3134086, at *2 (W.D. Pa. Aug. 5, 2022); *Talley v. Supreme Ct. of Pennsylvania*, No. 17-1632, 2019 WL 5446052, at *21 (M.D. Pa. May 23, 2019), *report and recommendation adopted,* No. 17-1632, 2019 WL 5424399 (M.D. Pa. Oct. 23, 2019), *aff'd as modified,* No. 19-3581, 2022 WL 1701849 (3d Cir. May 27, 2022).

[25] *Talley v. Supreme Ct. of Pennsylvania*, 2019 WL 5446052, at *18.

[26] Compl. ¶¶ 77-79.

[27] It is unclear whether Talley is entitled to *in forma pauperis* status.   According to 28 U.S.C. § 1915(g), a prisoner who on three or more prior occasions while incarcerated has brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed.   *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (*en banc*).   "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the

Section 1915A requires a court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).   In doing so, a court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  *Id.* § 1915A(b)(1).   A complaint is frivolous if it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   It is legally baseless if "based on an indisputably meritless legal theory."   *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). To satisfy this standard, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   "[M]ere conclusory statements do not suffice."   *Id.* The Court may dismiss claims based on an affirmative defense if the affirmative defense

---

Federal Rules of Civil Procedure."   *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

At the time he brought this civil action, Talley had accrued two strikes under § 1915(g).   *Talley v. Pa. Dep't of Corr.*, Civ. A. No. 19-1687 (E.D. Pa.) (November 14, 2019 memorandum and order dismissing complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)); *Talley v. Greismer*, Civ. A. No. 19-1587 (E.D. Pa.) (November 5, 2019 memorandum and order dismissing complaint for failure to state a claim).   The Third Circuit is considering whether a third dismissal, *Talley v. Pillai*, Civ. A. No. 18-1060 (W.D. Pa.) (Dec. 9, 2019 memorandum and order), counts as a strike.   *Talley v. Pa. Dep't of Corr.*, No. 20-1278 (3d Cir.) (Mar. 31, 2022 order).   Talley moved to stay this case pending the outcome of that appeal, but we denied his motion.   (ECF Nos. 4 & 8.)   Although Talley has since accrued a third strike, *Talley v. Savage*, Civ. A. No. 22-4186 (E.D. Pa.) (December 8, 2022 memorandum and order dismissing case in its entirety as frivolous and for failure to state a claim), that strike accrued after Talley "brought" this civil action, so it may not be counted retroactively.   *Brown*, 941 F.3d at 662 ("[A] prisoner has 'brought an action' once he tenders or submits a complaint to the court.").   Ultimately, since the Court concludes that dismissal is warranted under § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), we need not address whether Talley is entitled to *in forma pauperis* status in this case.

is obvious on the face of the complaint.   *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013).   A Court may also dismiss a Complaint for failure to state a claim based on the statute of limitations when it is clear from the face of the complaint that it is time-barred.   *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).   Because Talley is proceeding *pro se*, we construe his allegations liberally.   *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## Discussion

### RICO Claims

*Res judicata* bars Talley from re-litigating the same claims he asserted or could have asserted in cases he had filed in other district courts that have been decided.   Some of Talley's RICO claims are precluded.   Those that are not fail on the merits.

*Res judicata*, or claim preclusion, bars the re-litigation of any claims between parties or their privies upon which a final, valid judgment on the merits has been entered. *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).   It precludes any claim that "arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation."   *Davis*, 824 F.3d at 342 (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)).   The doctrine applies to claims actually litigated as well as to those which could have been but were not raised in the first action.   *Blunt,* 767 F.3d at 276 (citation omitted).

*Res judicata* applies when a plaintiff has "asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants."   *Lubrizol Corp.*, 929 F.2d at 966 (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)).   "[A] lesser degree of privity is required

for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Lubrizol Corp.*, 929 F.2d at 966 (citing *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950) ("[W]here . . . res judicata is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have . . . enlarged the area of res judicata beyond any definable categories of privity between the defendants.")).

Talley brings RICO claims that were dismissed with prejudice against almost all of the same defendants named in the Middle District case. *Talley v. Supreme Ct. of Pennsylvania*, 2019 WL 5446052, at *9 (M.D. Pa. May 23, 2019) ("The Court further recommends that Talley's claims against the Judicial Defendants and Magisterial Judicial Defendants, in either their individual or official capacity under 42 U.S.C. §§ 1983, 1985, Title II of the ADA, and the RICO Act, be **DISMISSED WITH PREJUDICE**." (footnotes omitted)).   To the extent he reasserts RICO claims that were dismissed with prejudice, those claims are barred.

Talley also asserts RICO claims against defendants named in the Western District case based on the same events at issue in that case.   However, he may not assert claims based on a new theory arising from the same facts against the same defendants named in his prior case.   Therefore, these claims are precluded.

In any event, Talley's RICO claims are meritless.  RICO "makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'"  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting

18 U.S.C. § 1962(c)).   A plaintiff must have sustained "injury to business or property" caused by the alleged RICO violation in order to bring a RICO claim.   *Maio v. Aetna, Inc.*, 221 F.3d 472, 482-83 (3d Cir. 2000).   "[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio*, 221 F.3d at 492).   Talley has not alleged that he suffered any injuries to his "business or property" as a result of his prosecution and conviction.   Imprisonment is not an injury to "business or property".   S*ee, e.g.*, *Talbert v. Commonwealth of Pennsylvania*, No. 16-1041, 2016 WL 1108958, at *2 (E.D. Pa. Mar. 18, 2016), *aff'd,* 667 F. App'x 778 (3d Cir. 2016) ("[P]laintiff cannot state a RICO claim because any injuries he sustained by virtue of his arrest, conviction, and imprisonment are not injuries to 'business or property' for purposes of RICO."); *Etti ben-Issaschar v. ELI Am. Friends of the Israel Ass'n for Child Prot., Inc.*, No. 15-6441, 2016 WL 97682, at *3 (E.D. Pa. Jan. 7, 2016) ("The type of harm suffered by [plaintiff] for which she seeks to recover in this action—i.e., harm related to her detention and the alleged abuse she suffered while detained—is not an injury to 'business or property' that is cognizable under the RICO laws."); *Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) ("A injury 'by nature of mental distress' is not sufficient to claim damage to business or property.")   Thus, we shall dismiss Talley's RICO claims as legally baseless.

### Constitutional Claims

To establish a claim under section 1983, a plaintiff must allege facts, which if proven, establish: (1) the deprivation of a right secured by the Constitution or the laws of the United States; and (2) that the person depriving plaintiff of the right acted under color

of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted).

Talley's § 1983 claims are based on his allegation that his prosecutions, convictions, and related imprisonment are unconstitutional because he was prevented from raising an insanity or mental illness defense in his criminal trials.[28]   Because these claims are attacks on his conviction, they are not cognizable.

Under *Heck v. Humphrey*, a plaintiff is barred from bringing a constitutional claim pursuant to 42 U.S.C. § 1983 if a judgment in his favor would demonstrate or imply the invalidity of his criminal conviction.   512 U.S. 477, 486–87 (1994); *see also Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016).

In *Heck*, the Supreme Court held that to recover damages under § 1983 for false arrest or false imprisonment, a plaintiff must establish that the underlying disposition or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."   512 U.S. at 486–87.   If granting the relief sought in the plaintiff's § 1983 complaint would necessitate finding that the state court conviction or sentence was invalid, it must be dismissed.   *Id.* at 487.

To determine whether a claim is barred by *Heck,* we engage in a two-part inquiry.

---

[28]  Talley only brings constitutional claims against the defendants not previously named in his prior lawsuits.   Compl. ¶ 82. His claims primarily concern his Philadelphia County criminal proceeding. However, two defendants not named in Talley's prior lawsuits do not appear to have been involved in the Philadelphia proceeding, that is, Centre County and Proden & O'Brien, LLC.   Proden & O'Brien, LLC is not a state actor subject to liability under § 1983, and the claims against Centre County fail for the same reasons the claims based on the Philadelphia proceeding fail.

We first determine whether the plaintiff's conviction has been overturned or invalidated. *Id.* at 486–87. If so, the inquiry ends and the claim is not barred. If not, we ask "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If it would, the claim is barred.

A favorable termination is a necessary element of a § 1983 claim. Talley's convictions have not been reversed, expunged or declared invalid. Thus, his claims that the convictions were unconstitutional are not cognizable in a civil rights action. *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021)

Liberally construing the Complaint, we assume Talley may be raising a claim based on the failure to prevent a catastrophe charge that ultimately terminated in his favor. If he is, any constitutional claim based on the prosecution of this charge is time-barred. Even if it were not, the reversal on that charge did not affect the convictions on the remaining charges or his overall sentence.

A statute of limitations is an affirmative defense that ordinarily must be pled in a responsive pleading. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing Fed. R. Civ. P. 8(c)(1)). Nevertheless, where the expiration of the limitations period appears on the face of the complaint, a statute of limitations defense may be raised in a Rule 12(b)(6) motion. *Id.* (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

The statute of limitations in a § 1983 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the statute of limitations for § 1983 claims arising in Pennsylvania is two years.

Talley's conviction for failure to prevent a catastrophe was vacated on May 7, 2015.[29]   He did not file his Complaint until June 6, 2022, more than seven years later. Therefore, it is apparent from the face of the Complaint that a constitutional claim based on this vacated conviction is time-barred.

Even if it were not, Talley failed to "allege any harm he suffered from being prosecuted on [this] charge[]" because "[h]e suffered no deprivation of liberty [considering that] he was already incarcerated and would have been detained on the other counts of conviction." *Talley*, 2022 WL 1701849, at *1.   The length of his sentence was not affected.

Talley's § 1983 claims also fail for other reasons.   Pennsylvania's courts are not "persons" subject to liability under § 1983.   *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005); *Callahan v. City of Philadelphia*, 207 F.3d 668, 673 (3d Cir. 2000).   Talley's claims against judges in his cases are barred by absolute judicial immunity and those against the prosecutors are barred by absolute prosecutorial immunity.   *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (*per curiam*).   To the extent Talley brings claims against public defenders or other attorneys who represented him, these individuals are not state actors subject to liability under § 1983.   *See Polk Cty. v.*

---

[29] *Commonwealth v. Talley*, 2015 WL 7187957.

*Dodson*, 454 U.S. 312, 325 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

*ADA and RA Claims*

Title II of the ADA makes it unlawful for public entities, including prisons, to discriminate against the disabled in the provision of services, programs and activities. *Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015) (citing *Tennessee v. Lane*, 541 U.S. 509, 517 (2004)); *Chisholm v. McManimon*, 275 F.3d 315, 325 (3d Cir. 2001) (citing *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998)).   Because individuals are not public entities, they cannot be liable under Title II for monetary damages.   *See Kokinda v. Pa. Dep't of Corr.,* 779 F. App'x 938, 942 (3d Cir. 2019) (per curiam) ("Kokinda's claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (stating in *dicta* "that individuals are not liable under Titles I and II of the ADA" for discrimination). Nor can they be liable under the Rehabilitation Act in their individual capacities. *See A.W. v. Jersey City Public Schools,* 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals"); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials").

Even though individuals cannot be sued in their individual capacities for money damages under Title II of the ADA or the Rehabilitation Act, they may be sued in their

15

official capacities.[30]   But, where the plaintiff simultaneously sues the state entity that employs the individual defendants, the claims against the individuals may be dismissed as duplicative of the claims against the state.   *See Snell v. City of York,* 564 F.3d 659, 664 (3d Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity [,]' since '[i]t is not a suit against the official personally, for the real party in interest is the entity'") (alterations in original)).   For example, courts may dismiss, as duplicative, ADA claims brought against an individual in his official capacity where there are identical claims against his employer.   *Hargrove v. Carney,* No. 20-610, 2020 WL 1939696, at *6 n.10 (E.D. Pa., Apr. 22, 2020) (dismissing ADA "claims against the individual Defendants in their official capacities [because they] would be duplicative of the claims against the City of Philadelphia, which is already named as a Defendant") (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015) and *Love-Lane v. Martin,* 355 F.3d 766, 783 (4th Cir. 2004)).

Talley's ADA and RA claims are subject to Pennsylvania's two-year statute of limitations.   *Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) ("[W]e hold that the statute of limitations applicable to claims under Title II of the ADA and Section 504 of the RA is the statute of limitations for personal

---

[30]  The Third Circuit has not held that official capacity Title II claims are permissible.   Some courts reason that because individuals are not "public entities" as defined in Title II, they are not appropriate defendants, even if the suit is in an official capacity.   *See Fidanzato v. Somerset, Hunterdon, and Warren Counties Vicinage 13*, No. 11-5132, 2012 WL 4508008, at *7 (D.N.J., Sept. 28, 2012) (citing *Emerson*, 296 F.3d at 189); *accord Garcia*, 280 F.3d at 107 (finding individuals sued in their official capacity under Title II of the ADA are not subject to liability).   However, at least one district court within this circuit has allowed official capacity claims to proceed.   *George v. Pa. Dep't of Corr.*, No. 09-1202, 2010 WL 936778, at *7 (M.D. Pa. Mar. 11, 2010) ("Under Title II of the ADA, plaintiffs may not sue individual defendants in their personal capacities, but must instead sue the state, state entities, or defendants in their official capacities").

injury actions in the state in which the trial court sits"); *see also* 42 Pa. Cons. Stat. § 5524. Claims based on the denial of Talley's ability to present an insanity or infirmity defense at his trial in the Philadelphia proceedings accrued ten years ago.   These claims are based on events that are clearly time-barred on the face of the Complaint.[31]   Thus, like his § 1983 claims, his ADA and RA claims are time-barred.

Talley's ADA and RA claims also fail on the merits.   Assuming he qualifies as an individual with a disability despite the absence of specific factual allegations, Talley has failed to "allege[] facts that would support a finding that he was excluded from any alleged program, service, or benefit because of his disability."[32]   Rather, Talley baldly alleges that he was discriminated against because judges ruled against him in his criminal proceedings.   These allegations do not make out an ADA or RDA claim.   *See Stone v. New Jersey Admin. Off. of the Cts.*, 557 F. App'x 151, 154 (3d Cir. 2014) (affirming dismissal of ADA and RA claims where plaintiff "argue[d] that the cumulative effect of several purported acts of misconduct by the state courts amounted to a denial of access to the courts on an equal basis with a person without a disability.   Taken together, his scattered factual allegations do not 'raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[31] Alternatively, even if in the event *Heck* applies to these claims, they would not be time barred. Nonetheless, they would not be cognizable absent favorable termination.   *See Coello v. DiLeo*, 43 F.3d 346, 352–53 (3d Cir. 2022); *Davila v. Pennsylvania,* No. 11-1092, 2014 WL 1321010, at *8 (M.D. Pa. Mar. 28, 2014) ("A decision as to the alleged ADA and RA violations on the day of the plaintiff's guilty plea runs headlong into *Heck* in light of his facially valid conviction.").

[32] *Talley*, 2022 WL 1701849, at *1; *Talley*, Civ. A. No. 21-1208 (W.D. Pa.) (Apr. 13, 2022 report and recommendation at 24-25).

*State Law Malicious Prosecution Claim*[33]

Talley brings a malicious prosecution claim under state law against the City of Philadelphia, former District Attorney Seth Williams and Assistant District Attorney Kendra McCrae based on a failure to prevent a catastrophe charge that was vacated on May 7, 2015.[34]   In Pennsylvania, "[m]alicious prosecution has three elements: [t]he defendant must have instituted proceedings against the plaintiff (1) without probable cause (2) with malice, and (3) the proceedings must have terminated in favor of the plaintiff."   *Kelley v. General Teamsters*, 544 A.2d 940, 941 (Pa. 1988).

A malicious prosecution claim must be commenced within two years.   42 Pa. Cons. Stat. § 5524(1). "[T]he statute of limitations for malicious prosecution begins to run on the date the proceedings terminated favorably to the accused." *Cap v. K-Mart Disc. Stores, Inc.*, 515 A.2d 52, 53 (Pa. Super. Ct. 1986); *see also Sicola v. First Nat. Bank of Altoona*, 170 A.2d 584, 586 (1961).

The failure to prevent a catastrophe charge terminated in Talley's favor when his conviction for that charge was reversed by the Pennsylvania Superior Court on May 7, 2015.   He did not file this civil action until June 6, 2022, more than seven years later. Hence, his malicious prosecution cause of action is barred by the statute of limitations.

Even if the malicious prosecution claims were not time-barred, former District Attorney Williams and Assistant District Attorney McCrae are entitled to prosecutorial immunity from tort claims based on actions taken in the course of their official duties.

---

[33] We conclude that judicial economy weighs in favor of exercising supplemental jurisdiction over Talley's state law claim.

[34] Compl. ¶ 83; *Commonwealth v. Talley*, 2015 WL 7187957.

*Durham v. McElynn*, 772 A.2d 68, 70 (Pa. 2001); *see also Sealander v. Brague*, No. 17-594, 2019 WL 5829373, at *7 (M.D. Pa. Nov. 7, 2019) ("[T]he filing of criminal charges is essential to the duties of an assistant district attorney.")

Prosecutors enjoy absolute immunity from liability for actions taken in judicial proceedings.   *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted) (citing *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994)).   This means activities conducted in court, such as presenting evidence or legal arguments.   *Giuffre*, 31 F.3d at 1251 (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))).   Thus, absolute immunity attaches to the prosecutor's decision to initiate a prosecution.   *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 424).

Administrative or investigative actions are only protected by qualified immunity, *Van de Kamp*, 555 U.S. at 342 (citing *Imbler*, 424 U.S. at 431, n.33), unless they relate directly to the conduct of a criminal trial.   *Schneyder v. Smith*, 653 F.3d 313, 334 (3d Cir. 2011).   A prosecutor's behavior that is totally unrelated to the prosecutorial role or exceeds the scope of his authority is not protected by absolute immunity. *Kulwicki*, 969 F.2d at 1463-64 (citing *Rose v. Bartle*, 871 F.2d 331, 346 (3d Cir. 1989)).

In determining whether the prosecutor's activity is covered by absolute immunity, we take into account what function he was performing.   *Van de Kamp*, 555 U.S. at 342 (citation omitted).   This inquiry requires us to analyze the conduct forming the basis for the plaintiff's cause of action.   *Schneyder*, 653 F.3d at 332 (citation omitted).   The test is whether the actions clearly serve the prosecutorial function.   If they do, the prosecutor is entitled to absolute immunity.

19

Former District Attorney Williams and Assistant District Attorney McCrae enjoy absolute immunity from any claims arising from the decision to prosecute Talley.   *Van de Kamp*, 555 U.S. at 341; *see also Giuffre*, 31 F.3d at 1252 ("The decision to initiate a prosecution is at the core of a prosecutor's judicial role.") (quoting *Kulwicki*, 969 F.2d at 1463-64) (citation omitted).   The decision to bring charges and to prosecute the case in court, including presentation of the evidence and witnesses, are clearly within the prosecutorial function.   *See Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997); *Imbler*, 424 U.S. at 431.

The City of Philadelphia is also entitled to immunity under the Pennsylvania Political Subdivisions Tort Claims Act.   *See Rodriguez v. City & Cnty. of Philadelphia*, No. 15-4973, 2016 WL 3345428, at *5 (E.D. Pa. June 16, 2016) ("Since the state law claims alleged by the Plaintiff are not encompassed within the eight exceptions to governmental immunity provided by the PSTCA, we find that the City of Philadelphia is immune from suit as to these claims."); *Narvaez v. City of Philadelphia*, No. 15-01471, 2015 WL 13875059, at *5 (E.D. Pa. Oct. 7, 2015) ("Because the tort of malicious prosecution does not fall into the exceptions outlined under the PSTCA, the City of Philadelphia is immune from Plaintiff's common law malicious prosecution claim.").

## Conclusion

Pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(i) and (ii), we shall dismiss the Complaint in its entirety as frivolous and for failure to state a claim.   All claims, except for Talley's *Heck*-barred claims, shall be dismissed with prejudice.   His *Heck* claim will be dismissed without prejudice to his filing a new civil rights complaint if his convictions are reversed, vacated, or otherwise invalidated.   *See Curry v. Yachera*,

835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice).

Leave to amend will not be granted because any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).